UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA M. ANDERSON, | ) | Case No.: 1:19 CV 223 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. POSTAL SERVICE, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant | ) | AND ORDER |

## I. INTRODUCTION

This matter pertains to Plaintiff Tonya M. Anderson's prior employment with Defendant U.S. Postal Service. (ECF No. 1). The action was initially filed in the United States District Court for the District of Columbia, then transferred to the Northern District of Ohio. (ECF No. 3,4). Plaintiff filed a motion to proceed with the case *in forma pauperis* (ECF No. 2); that motion is granted.

For the reasons that follow, this action is dismissed.

## II. BACKGROUND

Plaintiff's Complaint is difficult to discern. She recounts her employment with Defendant beginning in 1991. Plaintiff alleges that she worked for Defendant on and off until she injured her ankle in 1993 while performing her job as a transitional employee carrier, and was told by her supervisor in September 1994 not to return to work. Plaintiff alleges that in July 1997, she was

rehired by Defendant as a mail processor "for career" with benefits. Plaintiff claims she was written up, suspended, and escorted out of the building while performing her assignment. Plaintiff states that "you do not get laid off from a career." She alleges that she took a test for a postal service "associate supervisor" which she passed, but as of February 2000, she has not been called back to work by Defendant. (*Id*. at 2-4). Attached to the Complaint are two letters from the Postal Service related to the associate supervisor test.[1] (*Id*. at 10-11).

Plaintiff states in the Complaint that she filed a claim with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation. Attached to the Complaint is a letter from the EEOC dated October 31, 2018. (*Id*. at 5-8). According to the letter, Anderson filed a charge against the Postal Service on February 9, 2018, alleging that the agency discriminated against her on the basis of race, national origin, sex, color, disability, age, and in reprisal for prior EEO activity when she took an associate supervisor test on or about December 23, 1997, and was not promoted to supervisor, and when she was terminated by the agency on or about February 13, 2000. (*Id*. at 5). Her EEOC claim was dismissed on the grounds that she failed to timely raise her allegations with an EEO counselor and no equitable tolling principles applied to extend the required 45-day EEO counselor contact period. The Commission alternatively dismissed her termination claim on the grounds that the same claim was raised in a prior claim and dismissed. (*Id*. at 6). Anderson asked the Commission to reconsider its decision, but did not present any new argument to establish that the 45-day period set by 29 C.F.R. § 1614.105(a)(1) should be extended. The Commission denied Anderson's motion for reconsideration and advised Anderson of her right to file a civil action in district court within 90 days. (*Id*.).

---

[1] The court will consider the documents referred to in the Complaint and attached thereto to be part of the pleading. *See* Fed. R. Civ. P. (10(c).

In the Complaint, Plaintiff does not assert any legal claims regarding the factual allegations set forth therein. Rather, she concludes the Complaint by stating that she is "appreciative of these opportunities and to explain this situation as a postal employee." (*Id*. at 4).

### III. DISCUSSION

#### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement

of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

### B. Analysis

While the court is required to liberally construe the Complaint, it is not required to construct legal claims on behalf of a *pro se* plaintiff. Principles requiring generous construction of *pro se* pleadings does not require district courts to conjure questions never squarely presented or to construct claims from sentence fragments. *Beaudett*, 775 F.2d at 1277-78. To do so would require the court "to explore exhaustively all potential claims of a pro se plaintiff ... and transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest argument and most successful strategies for a party." *Id.*; *see also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, ... it ... does not require a court to conjure allegations on a litigant's behalf ....") (internal citations omitted).

Here, Plaintiff asserts no legal claims in the Complaint and the court is not required to construct legal claims for her. Even assuming that the allegations in the Complaint are sufficient to establish federal jurisdiction, Plaintiff fails to state a plausible claim upon which relief can be granted and this action is dismissed pursuant to § 1915(e)(2).

Even if, in the spirit of "active interpretation" afforded *pro se* pleadings, the court construes Plaintiff's Complaint as asserting the same claims she asserted in the EEOC charge (which is referred to in the Commission's letter attached to the Complaint), the Complaint is still subject to dismissal. In the EEOC charge, Plaintiff claimed that she was discriminated against in 1997 and 2000 on the basis of her race, national origin, sex, color, disability, age, and in reprisal for a prior EEOC charge when she was, respectively, not promoted to associate supervisor and dismissed by the Postal Service. (ECF No. 1 at 5). The Equal Employment Opportunity Act of 1972 Amended Title VIII to extend protection against employment discrimination on the basis of race, color, religion, sex, or national origin to federal employees, including Postal Service employees. 42 U.S.C. § 2000e-16(a). The Rehabilitation Act of 1973 affords Postal Service employees a remedy for claims of disability discrimination. 29 U.S.C. § 794(a).

But the factual allegations in the Complaint are entirely insufficient and inadequate to support a plausible claim for relief for employment discrimination on the basis or race, national origin, sex, color, disability, age, or on the basis of retaliation, under either the Equal Employment Opportunity Act or the Rehabilitation Act. Accordingly, to the extent that Plaintiff is raising the same claims for discrimination and retaliation asserted in her EEOC charge, she fails to state a plausible claim upon which relief can be granted, and those claims are dismissed pursuant to § 1915(e)(2).

Moreover, under 29 U.S.C. § 1614.105(a)(1),[2] a Postal Service employee "'must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.' The 45–day period 'is construed as a statute of limitations' for a Postal Service employee bringing a discrimination claim." *Lyons v. Donahoe*, No. 3:13-CV-120, 2015 WL 457855, at *6 (S.D. Ohio Feb. 2, 2015) (quoting *Johnson v. Runyon,* 47 F.3d 911, 917 (7th Cir. 1995)). "[A]n employee's failure to contact an EEO counselor within the 45-day period 'is cause for dismissal of the complaint by the agency ... as well as by the district court.'" *Id*. (quoting *Sterner v. Henderson,* 354 F.3d 432, 435 (6th Cir. 2003) (citing *Brown v. Gen. Servs. Admin*., 425 U.S. 820, 832 (1976))).

The Complaint contains no allegations regarding if or when Plaintiff contacted an EEO counselor concerning the discrimination alleged to have occurred in 1997 and 2000. In the absence of allegations from which this court could infer that Plaintiff timely contacted an EEO counselor within the 45-day period required by the regulation (or that the Commission should extend the 45-

---

[2] 29 C.F.R. § 1614.105 – Pre-complaint processing – provides in relevant part:

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

    (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

    (2) The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

day period[3]), or that her obligation to do so was subject to waiver, estoppel, or equitable tolling,[4] Plaintiff's claim for relief is untimely.

Accordingly, to the extent that Plaintiff is raising the same claims for discrimination and retaliation asserted in her EEO charge and occurring in 1997 and 2000, those claims are untimely and dismissed pursuant to § 1915(e)(2).

### C. Proceedings In Forma Pauperis

The court notes that Plaintiff filed a similar complaint regarding her employment with the Postal Service in NDOH Case No. 1:01 CV 2788. That case was dismissed for failure to state a plausible federal claim upon which relief could be granted. In Case No. 1:01 CV 2788, Plaintiff moved to proceed with her action *in forma pauperis*, and the court granted the motion.

In the instant action, the court also permitted Plaintiff to proceed *in forma pauperis*. But proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). *Pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases. *See Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006) (citations omitted).

Plaintiff's repeated filing of meritless lawsuits regarding her prior employment with the Postal Service is incompatible with the privilege of proceeding *in forma pauperis*. *See Moore v. Controlled Substances Act,* Nos. 4:06-CV-43, 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006). "[F]ederal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or

---

[3] 29 U.S.C. § 1614.105(a)(2).

[4] The 45-day period is subject to waiver, estoppel, and equitable tolling. 29. C.F.R. § 1614.604(c).

duplicative lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991)); *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam) (citing *In re McDonald*, 489 U.S. 180 (1989) (per curiam)).

This court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice. Given that Plaintiff has now filed two meritless lawsuits concerning her prior employment with the Postal Service, the court concludes that allowing her to continue to proceed with such cases *in forma pauperis* does not promote the use of court resources in the interest of justice. *Id*. In the future, therefore, Plaintiff shall be required to pay the full filing fee in order to proceed with civil litigation in the Northern District of Ohio regarding her prior employment with the Postal Service.

## IV. CONCLUSION

For all of the foregoing reasons, this case is dismissed. Plaintiff's motion to proceed *in forma pauperis* is granted.

If in the future Plaintiff files an action concerning her prior employment with the Postal Service, she will not be permitted to proceed with that action without payment of the full filing fee.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 22, 2019

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.